UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELIAS RODRIGUEZ,<br><br>    Defendant. | Case No. 1:25-mj-00091 |

**CONSENT MOTION TO CONTINUE, EXCLUDE TIME,
AND SET A STATUS CONFERENCE**

The United States respectfully moves the Court to continue the date by which an indictment must be filed under 18 U.S.C. § 3161(b) until August 8, 2025. The United States also moves to set a status conference for August 8, 2025. The defense authorized the government to inform the Court that the defense consents to the filing of his motion and the relief requested herein.

On May 22, 2025, the defendant was presented on a criminal complaint following his federal arrest earlier that day. The Court set a preliminary hearing for June 18, 2025, but the defendant has since waived that hearing. ECF No. 12.

Under 18 U.S.C. § 3161(b), an indictment must be filed within 30 days from the date of arrest—here, June 23. However, that period can be continued pursuant to 18 U.S.C. § 3161(h)(7)(A) if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." One factor in whether an end-of-justice continuance is warranted is whether "delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex." 18 U.S.C. § 3161(h)(7)(B)(iii).

The Court has discretion to "grant an excludable continuance if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

*United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) (quoting 18 U.S.C. § 3161(h)(7)(A)). Such an ends-of-justice continuance is excludable under the Speedy Trial Act if the Court makes findings, either written or oral, indicating that it "seriously weighed the benefits of granting the continuance against the strong public and private interests served by speedy trials." *Id.* (internal quotations and alterations omitted).

Here, the grand jury is investigating events leading up to and surrounding the defendant's alleged use of a firearm to shoot and kill two individuals. That broad investigation implicates potential violations of multiple federal and local statutes, including at least one, 18 U.S.C. § 1116, that is infrequently charged. The grand jury's investigation involves facts that are unusual and complex in that the grand jury is investigating the defendant targeting individuals who may have been strangers to him. And investigating his intent is necessarily a fact-specific endeavor involving much circumstantial evidence. *See United States v. Haldeman*, 559 F.2d 31, 115 (D.C. Cir. 1976) ("Except in extraordinary circumstances, criminal intent cannot be proved by direct evidence."). Moreover, given the nature of the defendant's alleged conduct, the grand jury may investigate whether there is probable cause to issue the special findings required by 18 U.S.C. §§ 3592 and 3593 for whether a sentence of death may be justified. *Cf. United States v. Murillo*, 288 F.3d 1126, 1133 (9th Cir. 2002) (holding that "the government's need for additional time to seek the death penalty was a valid reason for an 'ends of justice' [trial] continuance").

The requested short delay under § 3161(b) will allow the defense to review initial limited discovery and have a meaningful opportunity to discuss with the defendant and the government prior to the return of an indictment.

For these reasons, the government requests that the deadline by which the government must file an indictment be extended by 46 days to August 8, 2025, and that this period of delay be excluded under 18 U.S.C. § 3161(h)(7)(A). The government also requests that the Court set a status hearing for August 8, 2025.

A proposed order is attached for the Court's convenience.

                                                  Respectfully Submitted,

                                                  JEANINE FERRIS PIRRO
                                                  UNITED STATES ATTORNEY

                                                  */s/ Jeffrey Nestler*
                                                  Jeffrey Nestler (DC Bar No. 978296)
                                                  Christopher Tortorice (TX Bar No. 24048912)
                                                  Assistant United States Attorneys
                                                  United States Attorney's Office
                                                  601 D Street NW
                                                  Washington, DC 20530
                                                  jeffrey.nestler@usdoj.gov
                                                  christopher.tortorice@usdoj.gov

                                                  *Counsel for the United States*